UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:24-CR-17-TAV-JEM |
| ) | |
| TIMOTHY JUSTIN FRADY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Timothy Frady's Second Motion to Continue Trial and Deadlines [Doc. 12], filed on July 23, 2024.

In support of his motion, Defendant asserts that he is accused of reckless conduct that led to the death of his wife nearly two years ago. He states that he was not charged until February 2024 and that the passage of time has complicated the production of discovery and investigation into the facts of the case. Defense counsel has investigated the case and conducted multiple witness interviews, which has led him to request the Government to produce additional evidence. While the Government has been diligently working on Defendant's request, Defendant states that the Government has not fully responded yet. Accordingly, Defendant maintains that the parties require more time to track down this additional evidence, if it exists, and for defense counsel to determine if pretrial motions are necessary. Defendant informs the Court that counsel for the Government does not object to a continuance and that Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes.

Based upon the information in Defendant's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i)–(iv). Defense counsel needs more time to time to review, discuss, and evaluate discovery with Defendant, determine if any pretrial motions are necessary, and otherwise prepare for trial. The Court finds that all of this cannot occur before the October 1, 2024 trial date.

The Court therefore **GRANTS** Defendant Timothy Frady's Second Motion to Continue Trial and Deadlines [**Doc. 12**]. The trial of this case is reset to **January 28, 2025**. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all of the time between the filing of the motion on July 23, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, it is **ORDERED** as follows:

(1) Defendant Timothy Frady's Second Motion to Continue Trial and Deadlines [**Doc. 12**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **January 28, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **July 23, 2024**, and the new trial date of **January 28, 2025**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

2

Case 3:24-cr-00017-TAV-JEM   Document 13   Filed 07/24/24   Page 2 of 3   PageID #: 44

(4) the deadline for filing pretrial motions is extended to **August 23, 2024**, and responses to motions are due on or before **September 6, 2024**;

(5) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 27, 2024**;

(6) the deadline for filing motions *in limine* is **January 13, 2025**;

(7) the parties are to appear before the undersigned for a final pretrial conference on **January 14, 2025, at 1:30 p.m.**; and

(8) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **January 17, 2025**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge