UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:24-CR-17-TAV-JEM |
| ) | |
| TIMOTHY JUSTIN FRADY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. The parties appeared before the undersigned by telephone on October 29, 2024, for a telephonic status conference on Defendant's Motion to Continue Evidentiary Hearing [Doc. 19] and his Motion to Permit Witnesses to Testify by Video [Doc. 20]. Assistant United States Attorney Suzanne H. Sullivan appeared on behalf of the Government. Attorney Jonathan D. Cooper represented Defendant Frady, whose presence was excused.

In his motions, Defendant requests that the Court continue the October 29, 2024 evidentiary hearing to permit the testimony of his expert on blood analysis and his expert on accident reconstruction, who will both testify about the prejudice to Defendant from preindictment delay [Doc. 19 p. 1]. Defendant contends these witnesses are not available to testify on October 29 and will not be available until January 2025 [*Id.*]. Defendant "is aware that this [continuance of the evidentiary hearing] will cause a delay of his trial [currently set for January 28, 2025,] consents to the delay, and acknowledges that any time during which the case is continued will not be counted for Speedy Trial Act purposes" [*Id.* at 2]. He also asks that his two expert witnesses, both of whom reside out of state, be permitted to testify by video because Defendant cannot afford the cost of

their travel time, airfare, and lodging to allow them to testify in person [Doc. 20 pp. 1–2]. Defendant states the Government has no objection to these two witnesses testifying by video [*Id*. at 2].

At the motion hearing, Attorney Cooper stated that is blood analysis expert will have no or few exhibits and his accident reconstruction expert will have some exhibits. He stated that he would provide any exhibits to the Government ahead of the hearing. Mr. Cooper requested that his blood analysis expert be permitted to observe the testimony of other witnesses at the hearing so that she could respond to their testimony if appropriate. He stated that the earliest availability for his out-of-town experts is January 29, 2025, and that they also have some availability in February 2025.

AUSA Sullivan stated that while in-person testimony is preferable, the Government had no objection to Defendant's request for video testimony considering his financial constraints. She stated that one of the Government's witnesses had transferred to Texas but would appear in person for the evidentiary hearing. The Government did not object to a trial continuance and the parties agreed on a new hearing date of January 29, 2025, at 10:00 a.m., and a new trial date of May 20, 2025.

Based upon the information in Defendant's motions and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would result in a miscarriage of justice because Defendant would not have sufficient time to litigate his motion to dismiss the Indictment. *See id*. § 3161(h)(7)(B)(i). The Court also finds that in the absence of a

trial continuance, counsel for Defendant would not have the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id*. § 3161(h)(7)(B)(iv). Additional time is necessary to resolve Defendant's motion to dismiss, which cannot occur before the January 28, 2025 trial date.

The Court therefore **GRANTS** Defendant Frady's motion to continue the evidentiary hearing and trial date [**Doc. 19**] and his motion to permit video testimony [**Doc. 20**]. The trial of this case is reset to May 20, 2025. A new, comprehensive trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all the time between the filing of the motions on October 22, 2024, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1)  Defendant 's Motion to Continue Evidentiary Hearing and trial date [**Doc. 19**] is **GRANTED**;

(2)  the trial of this matter is reset to commence on **May 20, 2025, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3)  all time between the filing of the motion on October 22, 2024, and the new trial date of May 20, 2025, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4)  the evidentiary hearing as to Defendant's Motion to Dismiss Indictment [**Doc. 17**] is reset for **January 29, 2025, at 10:00 a.m.**;

(5)  Defendant's Motion to Permit Expert Witnesses to Testify by Video [**Doc. 20**] at the January 29, 2025 evidentiary hearing is also **GRANTED**, and defense counsel is directed to coordinate with the Clerk's Office to arrange for the video testimony at least one week prior to the evidentiary hearing;

(6)  the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 21, 2025**;

(7) the deadline for filing motions in limine is **May 5, 2025**;

(8) the parties are to appear before the undersigned for a final pretrial conference on **May 8, 2025, at 10:00 a.m.**; and

(9) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **May 9, 2025**.

**IT IS SO ORDERED**.

ENTER:

_____
Jill E. McCook
United States Magistrate Judge