IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-CR-17-TAV-JEM |
| | ) | |
| | ) | |
| TIMOTHY JUSTIN FRADY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on Defendant Timothy Justin Frady's Oral Motion to Continue Trial. 28 U.S.C. § 636(b). The undersigned concludes that Defendant Frady's trial should be continued to follow his sentencing hearing in case number 3:25-CR-93.

On September 18, 2025, Defendant Frady entered a plea of guilty to one count of reckless endangerment in case number 3:25-CR-93 ("the misdemeanor case") [*See* Case No. 3:25-CR-93, Doc. 5]. As a part of the plea agreement in the misdemeanor case, the Government agreed to move at the time of sentencing to dismiss the charges against Defendant Frady in this case [Case No. 3:25-CR-93, Doc. 2 ¶ 3]. Defendant Frady's sentencing hearing in the misdemeanor case is set for December 16, 2025. Following entry of a guilty plea in the misdemeanor case on September 18, 2025, Defendant Frady orally moved to continue the October 6, 2025, trial date in this case to a date after his sentencing hearing in the misdemeanor case. The Government agreed that the trial date should be continued to after the sentencing hearing in the misdemeanor case. For reasons discussed on the record, the parties agreed to set the sentencing hearing in the misdemeanor case for December 16, 2025, and to a new trial date of January 6, 2026, in this case.

Based upon the information in Defendant Frady's motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant Frady and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would result in a miscarriage of justice because it would compromise the parties' compliance with the terms of the plea agreement in the misdemeanor case. *See id.* § 3161(h)(7)(B)(i). The Court also finds that the time from Defendant Frady's September 18, 2025 change of plea hearing through his December 16, 2025, sentencing hearing in the misdemeanor case is excludable in this case as "delay resulting from other proceedings concerning the defendant, including . . . delay resulting from trial with respect to other charges against the defendant[.]" *Id.* § 3161(h)(1)(B). Courts interpret what constitute a "proceeding" under § 3161(h)(1) broadly. *Sylvester v. United States*, 886 F.3d 503, 511 (6th Cir. 2017) (citing *United States v. Robinson*, 887 F.2d 651, 656 (6th Cir. 1989)); *see also United States v. Smith*, 510 F. App'x 390, 394 (6th Cir. 2013) (noting that under the Speedy Trial Act, "[c]ourts are given discretion to accommodate delays for case-specific needs" (citing *Zedner v. United States*, 547 U.S. 489, 499 (2006)). Moreover, excludable delay under subsection (h)(1)(B) includes time awaiting sentencing on other charges. *Robinson*, 887 F.2d at 656–57 (analyzing excludable delay in bringing indictment).

The Court therefore **GRANTS** Defendant's unopposed oral motion to continue the trial. The trial of this case is reset to **January 6, 2026**. A new trial schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the plea hearing on September 18,

2025, and the new trial date of January 6, 2026, is fully excludable under the Speedy Trial Act. *See id.* § 3161(h)(1)(B) & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant's oral motion to continue trial is **GRANTED**;

(2) the trial of this matter is reset to commence on **January 6, 2026, at 9:00 a.m.,** before the Honorable Thomas A. Varlan United States District Judge;

(3) all time between the plea hearing on **September 18, 2025**, and the new trial date of **January 6, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **December 5, 2025**;

(5) the deadline for filing motions *in limine* is **December 22, 2025**, and responses to motions *in limine* are due on or before **December 30, 2025**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **December 16, 2025 at 10:00 a.m.,** which is also the date for Defendant's sentencing hearing in case number 3:25-CR-93; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **December 26, 2025.**

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge